PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-1521

UNITED STATES OF AMERICA

v.

ERIC S. DAHMEN,
                              Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-09-cr-00007-001)
District Judge:  Honorable Kim R. Gibson

Argued December 8, 2011
Before: HARDIMAN and BARRY, *Circuit Judges*
and RUFE[*], *District Judge*

(Filed: March 27, 2012)

[*] The Honorable Cynthia M. Rufe, District Judge for the
United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

Donovan J. Cocas [ARGUED]
Rebecca R. Haywood
Mary M. Houghton
Laura S. Irwin
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219-0000

John J. Valkovci
Office of the United States Attorney
319 Washington Street
224 Penn Traffic Building
Johnstown, PA 15901-0000
        *Attorneys for Plaintiff-Appellee*

Thomas Livingston
Renee Pietropaolo [ARGUED]
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222-0000
        *Attorneys for Defendant-Appellant*

_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

At issue in this appeal is the Government's alleged breach of a plea agreement. Appellant Eric Dahmen pleaded guilty to two federal crimes involving the sexual exploitation of minors. That plea was memorialized in a written agreement that included certain stipulations that the District Court deemed binding pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. After the plea agreement was signed, the Probation Office recommended a five-level enhancement pursuant to § 4B1.5(b) of the United States Sentencing Guidelines. Although Dahmen conceded the applicability of that enhancement in the District Court, he claims for the first time on appeal that the Government breached the plea agreement by requesting it. As a remedy, Dahmen asks us to order the District Court to resentence him pursuant to a Sentencing Guidelines range of 108 to 135 months' imprisonment.

I

In July 2007, the discovery of pornographic images, explicit internet chats, and suggestive text messages in the home of a fourteen-year-old girl in Cambria County, Pennsylvania, led state police officers to suspect that she was engaged in a sexual relationship with the twenty-one-year-old Dahmen. A search of Dahmen's computer and cellular phone yielded three videos and fifty-one photographs of the girl in various states of undress and masturbation, as well as another pornographic video involving a different minor. On October 12, 2007, Dahmen was arrested and charged with statutory sexual assault and child pornography offenses.

Dahmen's detention was short-lived. He posted bail and soon thereafter began exchanging nude photographs and explicit videos with a fifteen-year-old girl from North

Carolina. A few months after he initiated contact with that girl, Dahmen persuaded Matthew Ehredt to drive with him to North Carolina to visit her. In spite of Ehredt's warnings that Dahmen's conduct violated his bail conditions, Dahmen took the girl from North Carolina to Pennsylvania. During the trip, Dahmen had sexual contact with the girl while Ehredt operated the vehicle, and the illicit relationship continued in Pennsylvania. When officers arrested Dahmen several days later, they recovered a cell phone video of Dahmen and the girl engaged in sexual intercourse.

Pursuant to a written plea agreement, Dahmen pleaded guilty to transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count One) and possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two). The agreement specified the base offense level for each count and referenced certain sentencing enhancements pursuant to Chapters 2 and 3 of the United States Sentencing Guidelines (USSG or Guidelines), but made no mention of any enhancements pursuant to Chapter 4 of the Guidelines. The agreement noted that Dahmen faced a statutory mandatory minimum sentence of ten years' imprisonment and a potential maximum sentence of life imprisonment.

Dahmen's plea agreement also contained a waiver of his appellate rights, subject to three limited exceptions: (1) if the Government appealed; (2) if the sentence exceeded the statutory maximum; or (3) if the sentence exceeded the applicable Guidelines range. The agreement also noted that its "stipulations [were] not binding on the Court and [did] not preclude the parties from bringing to the attention of the

4

United States Probation Office or the Court any other information."

Before accepting Dahmen's plea, the District Court clarified that though "the plea agreement at Paragraphs C(3), (4), and (5) indicate[d] that the stipulations made between the parties [were] . . . not binding on the court," that language was "incorrect." The Court explained that "if [it] accept[ed] Dahmen's] plea, the stipulations [would] be binding because the nature of the stipulations fall under the classifications set forth in Federal Rule of Criminal Procedure 11(c)(1)(C)." Though given the opportunity to do so, neither party objected to the Court's analysis.

After the District Court accepted Dahmen's written plea agreement and guilty plea, the Probation Office prepared a Presentence Investigation Report (PSR). The Government objected to the PSR, claiming that Dahmen's Guidelines range was subject to enhancement pursuant to USSG § 4B1.5(b), which applies to defendants who "engaged in a pattern of activity involving prohibited sexual conduct." The Probation Office agreed with the Government's objection and issued an amended PSR that increased Dahmen's offense level by five levels pursuant to § 4B1.5(b). In response to this "dramatic change," Dahmen's counsel moved to postpone his sentencing, noting that "[b]ecause the plea negotiations, plea agreement, the guilty plea colloquy, and the [PSR] did not contemplate or anticipate the application of § 4B1.5(b)," counsel required more time to "discuss § 4B1.5(b) and its potential impact" with his client. The issue resurfaced in Dahmen's motion for a downward variance, in which he "object[ed] to the 5 level 'bump' which § 4B1.5(b) calls for, and . . . to the corresponding Total Offense Level of 36 and the corresponding '210–262' guideline range."

The sentencing hearing was held on February 7, 2011. After having ample time to study the matter, Dahmen's experienced and able trial counsel did "not object[] to the soundness of the application of 4B1.5." After the Court applied the enhancement and concluded that Dahmen's total offense level was 36, counsel were asked if they "agree[d] with the calculation of the guidelines as set forth by the Court," and both answered in the affirmative. Later in the proceedings, the Court gave counsel another opportunity to object, asking if there was "anything . . . in either the sentencing options or in the sentencing guideline calculations that [they] believe[d] need[ed] to be corrected." Again, Dahmen did not object to the District Court's decision regarding the applicable Guidelines range. Because neither party sought a departure under the Guidelines, the District Court proceeded to the third and final step of the sentencing process, during which Dahmen argued for a downward variance and the Government requested a bottom-of-the-Guidelines sentence of 210 months' imprisonment.

While arguing for a downward variance, Dahmen's counsel returned to the issue of the § 4B1.5(b) enhancement. Counsel conceded that "[a]fter thoroughly researching [the enhancement, he] verified factually it did, in fact, fit" and consequently did "not object to its application." Nevertheless, he advocated for a variance, arguing that the application of § 4B1.5(b) was redundant because the factors it addressed were "already contemplated by the sentencing guidelines under 2G1.3, 2G2.2, 4A1.1," all of which had been included in the plea agreement. The Court disagreed, rejected Dahmen's request for a downward variance, calculated the applicable range as 210 to 252 months, and sentenced him to 216 months in prison.

## II

Because Dahmen was charged with violations of federal criminal law, the District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over Dahmen's appeal under 28 U.S.C. § 1291.

Before we consider the merits of Dahmen's argument that the District Court erred by increasing his total offense level pursuant to USSG § 4B1.5(b), we must determine the appropriate standard of review, which the parties dispute. Dahmen claims that we exercise plenary review, citing *United States v. Rivera*, in which we held that "'whether the *government* violated the terms of a plea agreement is a question of law subject to *plenary review*.'" 357 F.3d 290, 294 (3d Cir. 2004) (quoting *United States v. Queensborough*, 227 F.3d 149, 156 (3d Cir. 2000)).

The Government, on the other hand, argues that we review Dahmen's claim for plain error because of his failure to object in the District Court. In support of this argument, the Government cites *Puckett v. United States* for the proposition that when a defendant waits until his appeal to allege a violation of his plea agreement, our authority to remedy the alleged error is "strictly circumscribed." 556 U.S. 129, 134 (2009). According to *Puckett*, we have "discretion to remedy [such] error" only where it: (1) constitutes a "'[d]eviation from a legal rule'"; (2) is "clear or obvious, rather than subject to reasonable dispute"; (3) "affect[s] the appellant's substantial rights"; and (4) "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 135 (quoting *United States v. Olano*, 507 U.S. 725, 732–34, 736 (1993)).

We agree with the Government because our application of plenary review in *Rivera* is no longer good law in light of the Supreme Court's decision in *Puckett*. In Puckett's plea agreement, the government "agree[d] that [he] . . . demonstrated acceptance of responsibility and thereby qualifie[d] for a three-level reduction in his offense level." *Id.* at 131. But Puckett's commission of another offense prior to sentencing led the government to oppose any reduction for acceptance of responsibility. Consequently, the district court increased Puckett's sentencing range. *Id.* at 132–33. Like Dahmen, Puckett received a sentence at the low end of the applicable range and never moved to withdraw his plea. *Id.* The Supreme Court noted that "at no time during the exchange did Puckett's counsel object that the Government was violating its obligations under the plea agreement" and concluded that, though "the Government's breach of a plea agreement is a serious matter," Puckett's forfeiture of the claim warranted plain-error review. *Id.* at 133, 143. Because we are bound by *Puckett*, we review Dahmen's first contention for plain error.

III

A

Dahmen claims that the District Court erred when it applied a five-level enhancement  pursuant to USSG § 4B1.5(b) after finding that he "engaged in a pattern of activity involving prohibited sexual conduct." Consistent with his trial counsel's position before the District Court, Dahmen does not deny on appeal that he "engaged in a pattern of activity involving prohibited sexual conduct." Instead, he argues that once the District Court deemed itself bound by a written plea agreement that made no mention of

8

that particular enhancement, it was prohibited from applying it at sentencing. Dahmen focuses on the following comment made by the District Court at the time he entered his plea:

> I wish to note for the record that the plea agreement at Paragraphs C(3), (4), and (5) indicate that the stipulations made between the parties are indicated to be not binding upon the Court. However, this language in the plea letter is incorrect. I want the defendant to know that if I accept your plea, the stipulations will be binding because the nature of the stipulations fall under the classifications set forth in Federal Rule of Criminal Procedure 11(c)(1)(C).

The gravamen of Dahmen's claim is that the District Court's statement that the stipulations were binding pursuant to Rule 11(c)(1)(C) precluded the application of any other unmentioned enhancements, including those pursuant to Chapter 4 of the Guidelines. We disagree. Contrary to Dahmen's argument, the District Court referred only to Paragraphs C(3), (4), and (5) of the agreement, which address only Chapters 2 and 3 of the Guidelines, relating to calculations of base offense level, conduct-related enhancements, and adjustments for multiple counts. Neither the District Court nor the written plea agreement adverted to § 4B1.5(b) or any other Chapter 4 enhancements, which relate to criminal history.

Dahmen urges that the Government and the District Court violated the stipulations of the plea agreement by seeking and imposing a five-level increase under USSG § 4B1.5(b). In his reply brief, he protests that his guilty plea was not knowing, intelligent, and voluntary because he relied

on the District Court's statement during his plea colloquy that the Court was bound by the stipulations. We disagree with Dahmen in this regard because his argument is based on the fallacy that the Government or the District Court breached one or more of those stipulations. Dahmen has not cited, and we have not found, any provision of the written agreement, or any statement by the Government or the District Court, that Dahmen was immune from a Chapter 4 enhancement. Absent such a promise, neither the Government nor the District Court could have violated the agreement by deeming § 4B1.5(b) applicable (or inapplicable). Accordingly, we hold that the Government did not breach its agreement with Dahmen and that the District Court did not err when it fixed Dahmen's final advisory Guidelines range at 210 to 252 months' imprisonment.

B

Dahmen next claims that his sentence of 216 months' imprisonment is unreasonable. In light of Dahmen's appellate waiver, however, his argument in this respect must rely on his prior claim that he was sentenced above the applicable Guidelines range. Having determined that the District Court did not err in determining that Dahmen's Guidelines range was 210 to 252 months' imprisonment, it is apparent that his 216-month sentence is within the Guidelines range.

We do not review the merits of an appeal where "we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Corso*, 549 F.3d 921, 927 (3d Cir.

2008). Dahmen has not cited any evidence that his acceptance of the plea agreement was anything but knowing and voluntary; indeed, he repeatedly assured the District Court that it was knowing and voluntary during the change-of-plea hearing. His within-Guidelines sentence is plainly no miscarriage of justice.

## III

The District Court committed no error, much less plain error, by enhancing Dahmen's Guidelines range pursuant to § 4B1.5(b), and Dahmen's appellate waiver prevents us from considering the challenge to the reasonableness of his sentence. Consequently, we will affirm the District Court's judgment of sentence.