PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2094
_____

UNITED STATES OF AMERICA

v.

RICHARD BANKS,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. No. 1-06-cr-00829-001)
District Judge:  Honorable Joseph H. Rodriguez

ARGUED NOVEMBER 12, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD,
*Circuit Judges*


(Filed: February 12, 2013)

Lori M. Koch, Esq.
Julie A. McGrain, Esq. [Argued]
Office of the Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, NJ  08102
        *Counsel for Appellant*

Mark E. Coyne, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ  07102

Glenn J. Moramarco, Esq. [Argued]
Office of the United States Attorney
Camden Federal Building and Courthouse
401 Market Street
Camden, NJ  08101
        *Counsel for Appellee*

_____

OPINION
_____

NYGAARD, *Circuit Judge.*

Richard Banks appeals the sentence that resulted from violating the terms of his supervised release by committing bank fraud.  He asserts that the appellate waiver in his plea agreement does not apply to the District Court's decision to sentence him to a consecutive term of imprisonment for the supervised release violation.  We will affirm.

During Banks' supervised release in 2011 for a bank fraud conviction, police arrested him for conspiring to steal or create more than 75 fraudulent checks in the attempted theft of more than $130,000. Pursuant to a plea agreement, he pleaded guilty to one count of conspiracy to commit bank fraud (18 U.S.C. §1349), and to violating the conditions of his supervised release. He stipulated that he committed a Grade A violation of his supervised release, and that his total Guidelines offense level was 14 with a Criminal History Category of VI. The plea agreement contained the following language:

> The sentence to be imposed upon Richard Banks is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. . . . The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Richard Banks ultimately will receive.

Plea Agreement § A. It also stated:

3

The sentencing judge may order that any sentences imposed by the sentencing judge on the violation of 18 U.S.C. § 1349, as described in the Information, and the violation of supervised release as charged in Violation #1 to the Violation Petition, be served consecutively to each other or to any other sentence Richard Banks may be serving at the time the sentences are imposed pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 7B1.3(f).

Plea Agreement, Section B. Finally, it declared:

Richard Banks knows that he has, and voluntarily waives, the right to file any appeal . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 14 and the sentence for the Violation Petition falls within or below the Guideline range set forth in Paragraphs 10 and 11 above.

Plea Agreement, Schedule A, Paragraph 12.

Between the time of his arrest and guilty plea, Banks cooperated with the Government quite substantially, resulting in a number of convictions. At sentencing, after granting a 6-level downward departure for this cooperation, the District Court imposed a prison term of 18 months for the bank fraud.[1] It denied his requests for the same downward departure, and for a concurrent term of imprisonment, on the supervised release violation. The District Court ordered 33 months' imprisonment for the violation, to be served consecutively.[2] Banks now argues that his consecutive sentence is not encompassed in the waiver of his appellate rights.

We exercise plenary review to determine whether Banks' issue falls within the scope of his appellate wavier. *United States v. Castro*, 704 F.3d 125, 135 (3d Cir. 2013). "We decline to exercise jurisdiction over the appeal where [1] the issues on appeal fall within the scope of the waiver and [2] the defendant knowingly and voluntarily agreed to the waiver, unless [3] enforcing the waiver would work a miscarriage of justice." *Id.* (quoting *United States v. Saferstein,* 673 F.3d 237, 242 (3d Cir. 2012)(internal quotation marks omitted)). Banks concedes that he knowingly and voluntarily consented to the waiver.

---

[1] The adjusted offense level was 8, with a Guidelines range of 18 to 24 months.

[2] The Guidelines range was 33 to 41 months. U.S.S.G. § 7B1.4(a). The statutory maximum term, however, was 36 months. 18 U.S.C. § 3583(e)).

We construe the language of an appellate waiver strictly. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). "[W]e will review the merits of an appeal if the waiver expressly provides specific exceptions under which an appeal may be taken, provided the appeal implicates one of those exceptions." *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008). Here, we find no basis for Banks to claim that either party intended to except consecutive sentencing from his broadly inclusive waiver of "any appeal . . . which challenges the sentence imposed." Plea Agreement, Schedule A, Par. 12. To the contrary, Section B of the plea agreement explicitly anticipated that the District Court could impose a consecutive sentence. Moreover, U.S.S.G. § 7B1.3(f) conveys a strong preference for a consecutive sentence in precisely the scenario encountered here. Finally, we must construe the phrase "any appeal . . . which challenges the sentence imposed" to mean what it plainly states. *See Castro*, 704 F.3d at 137. Since consecutive sentencing is not explicitly excepted from the appellate waiver in this agreement, we conclude that the waiver covers the District Court's imposition of a consecutive term of 33 months' imprisonment for the supervised release violation.

Banks next argues that the language of the plea agreement is ambiguous, focusing upon the following statement: "The sentencing judge *may* order that any sentences imposed . . . be served consecutively." Plea Agreement § B (emphasis added). He asserts that this language is vague and susceptible to multiple meanings because the government never specifically expressed its intent to ask for a consecutive sentence. Such a declaration was necessary in this case, he contends, because the plea agreement memorialized negotiations involving two federal

6

offenses.  He insists that, as a result of the lacuna created by the ambiguous language, he was not sufficiently on notice to seek an exception to his appellate waiver.  We disagree that any such ambiguity exists.  The word "may" accurately described the reality facing Banks:  the District Court had discretion to impose consecutive sentences and the government lacked authority to dictate how it would rule. The fact that the agreement encompassed both the bank fraud and supervised release offenses did not obscure the distinct possibility that the District Court would impose a consecutive sentence.  This did not disadvantage Banks in negotiating his plea agreement.

Finally, we understand Banks' unreasonableness argument to assert that imposition of this sentence would be a miscarriage of justice.  *Khattak*, 273 F.3d at 562.  We have noted that, to set aside an otherwise valid waiver, certain factors should be considered:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.13-* at 563 (quoting *United States v. Teeter,* 257 F.3d 14, 26 (1st Cir. 2001)).  In this instance, Banks claims only that

7

the consecutive sentence is an excessive punishment for violating the court's trust.  Yet, both of the prison terms imposed by the District Court were within the ranges specified in the plea agreement, and the entire term of 51 months' imprisonment was well below the statutory maximum of 30 years for the bank fraud offense.  18 U.S.C. § 1344.  There is no foundation to conclude that the District Court's sentence constituted a miscarriage of justice here.

For all of these reasons, we will enforce the waiver and affirm the sentence imposed by the District Court.