**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2879

_____

UNITED STATES OF AMERICA

v.

MARC GILL,
                    Appellant


_____


Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cr-00151-001)
District Judge: Honorable Garrett E. Brown, Jr.

_____


Submitted under Third Circuit LAR 34.1(a)
on January 15, 2015

Before: AMBRO, FUENTES and ROTH, Circuit Judges

(Opinion filed: February 2, 2015)


_____

OPINION[*]
_____


ROTH, Circuit Judge

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On August 14, 2009, Marc Gill pleaded guilty to one count of distributing 50 grams or more of crack under 21 U.S.C. § 841(a). The District Court accepted Gill's plea pursuant to a written agreement, by which both Gill and the government agreed not to "seek or argue for any upward or downward departure or adjustment" and Gill waived his right to appeal any "sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 34, if Marc Gill is determined to be a Career Offender." Gill reserved the right to appeal only "the sentencing court's determination of the criminal history category."

The Presentence Investigation Report found that Gill's past convictions warranted career offender treatment and therefore calculated a total offense level of 34. The PSR assigned 23 criminal history points, which corresponds to a criminal history category of VI, and noted that the guidelines sentence for a defendant with Gill's offense level and criminal history category is 262 to 327 months.

At sentencing, in violation of his plea agreement, Gill argued for a "downward departure" for overrepresentation of his criminal history. He also argued for a variance in view of then-pending legislation to reduce penalties for crack offenses. The District Court found that Gill was "clearly a career offender under the guidelines," and adopted the PSR's guidelines calculation. However, in view of the impending changes to the crack guidelines, the court did depart downward, imposing a sentence of 162 months. Gill subsequently moved, under 28 U.S.C. § 2255, to vacate the sentence and to be resentenced in light of his counsel's ineffectiveness in not appealing "the issue of over-representation [of Gill's] criminal history." The District Court granted leave to file a

2

*nunc pro tunc* direct appeal of Gill's criminal history category computation.  This appeal followed.

Gill was entitled to challenge the District Court's criminal history category determination, as provided in the plea agreement.  But Gill's present challenge, advanced in a barely intelligible, eight-sentence "argument," makes no mention of his criminal history category, and instead disputes the District Court's criminal history points assignment.  Gill apparently contends that the District Court incorrectly assigned 23 points, instead of 22.[1]

It is clear that Gill's sentence of 162 months falls within the range of the waiver he agreed to.  "We do not review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."[2]  Accordingly, for us to review the merits of his appeal, Gill must show that the purported error amounted to a "miscarriage of justice."[3]

---

[1] We note that, in *United States v. Williams*, 510 F.3d 416, 425-26 (3d Cir. 2007), we held that in arguing that the sentencing court "overstated his criminal history," a defendant in effect advocates for a downward departure.  Since the plea agreement explicitly precluded either party from arguing for a departure, Gill's claim that his lawyer was ineffective in not challenging the purported "over-representation" of his criminal history would ordinarily be barred under *Williams*.  But because the government did not challenge the District Court's decision to hold an evidentiary hearing on this basis and does not brief the issue on appeal, our decision rests simply on the language of the waiver.

[2] *United States v. Dahmen*, 675 F.3d 244, 249 (3d Cir. 2012) (quotation marks and citation omitted).

[3] *See United States v. Wilson*, 429 F.3d 455, 457-58 (3d Cir. 2005).

3

Far from a miscarriage of justice, the District Court's assignment of 23 criminal history points, instead of 22, had no effect whatsoever on the sentence imposed. The District Court's finding that Gill was a career offender triggered a total offense level of 34. The criminal history points became irrelevant.

In light of Gill's waiver, we find no merit in this appeal and we will affirm the judgment of sentence of the district court.