**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3967
_____

UNITED STATES OF AMERICA

v.

MARK MELVIN,
AKA Jihad Jacobs,
AKA Mark Hall,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-99-cr-00560-002)
Honorable Susan D. Wigenton, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 17, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: November 20, 2020)

_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Following his convictions for armed robbery, in violation of 18 U.S.C. § 1951, and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, Appellant Mark Melvin was sentenced to 108 months' imprisonment and five years of supervised release. Less than two years into that term of supervised release, however, he was arrested for multiple violations of its terms and sentenced to an additional term of imprisonment. Following his release, he again violated the conditions of his supervision and was sentenced, pursuant to 18 U.S.C § 3583(e), to a 14-month term of imprisonment to run consecutive to his then-pending state sentence. Melvin now challenges the consecutive nature of that sentence as substantively unreasonable. Because the District Court acted well within its discretion, we will affirm.[1]

**I.     Discussion**

Melvin's sole contention on appeal is that because the sentence imposed by the District Court was consecutive, rather than concurrent, it was "'greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)), and therefore was substantively unreasonable. To establish substantive unreasonableness, however, Melvin bears a "heavy burden." *United*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. This Court reviews the "substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion." *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010).

2

*States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013) (citations omitted). We will "not substitute our judgment for the [district] court's," *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007), unless "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Melvin cannot make that showing for two reasons. First, after "meaningful consideration" of the § 3553(a) factors, *id.*, the District Court reasonably concluded that "to impose a sentence that is simply concurrent" would not "reflect[] the seriousness of what occurred here" or "provide just punishment that would deter [Melvin] and deter others." AA55. Melvin's actions were not only serious but reflected a pattern of significant breaches of trust: He violated the terms of his supervised release on multiple occasions, including by distributing drugs less than two years after his initial release from prison. In addition to these violations, he was also convicted of unlawful weapons possession in relation to the commission of an armed robbery, which involved the shooting deaths of two people. Under these circumstances, a consecutive sentence was appropriate "to sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Bungar*, 478 F.3d at 544 (internal quotation marks and citation omitted).

Second, "[s]entences that fall within the applicable Guidelines range," as the one here did, "are more likely to be reasonable than those that do not," *United States v. Fountain*, 792 F.3d 310, 322 (3d Cir. 2015). Guidelines § 7B1.3(f) expressly provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall

3

be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." U.S. Sent'g Guidelines Manual § 7B1.3(f) (U.S. Sent'g Comm'n 2009). The imposition of Melvin's sentence therefore aligned with Section 7B1.3(f)'s "strong preference for a consecutive sentence in precisely the scenario encountered here." *United States v. Banks*, 743 F.3d 56, 58–59 (3d Cir. 2014).

In short, the District Court considered the § 3553(a) factors and Melvin's argument for a concurrent sentence but concluded, based on his recidivist history and the Sentencing Guidelines, that a consecutive sentence was warranted. We cannot say that "no reasonable sentencing court" would have reached the same conclusion. *Tomko*, 562 F.3d at 568. Thus, under our "highly deferential" standard of review, *Bungar*, 478 F.3d at 543, the 14-month consecutive sentence imposed by the District Court was not substantively unreasonable.

## II.    Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

4