**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1016
_____

UNITED STATES OF AMERICA

v.

KHALIL VANCE,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:23-cr-00520-001)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 18, 2025
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, BIBAS, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: February 19, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

Khalil Vance pled guilty to one count of unlawful possession of a firearm. Pursuant to his plea agreement, Vance agreed to waive his appellate rights if the District Court sentenced him to a term of imprisonment of 37 months or less. Vance was later sentenced to 37 months of imprisonment. He now appeals and argues that the Government breached the plea agreement. Because we conclude that no such breach occurred, we hold that the appellate-waiver provision of Vance's plea agreement is enforceable and will affirm.

## I.[1]

Vance was charged in the United States District Court for the District of New Jersey with one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Vance agreed to plead guilty to that charge under a plea agreement, in which Vance and the Government agreed that the applicable Sentencing Guidelines offense level was 17. The parties stipulated that they would not seek an adjustment or departure from the Guidelines range corresponding to (a) an offense level of 17 and (b) "the criminal history category that the sentencing judge applie[d]" at sentencing, although either party could request a variance from that range. Appendix ("App.") 68. The plea agreement also contained a mutual waiver of appellate rights: the Government agreed not to challenge any sentence of 30 months or more, and Vance agreed not to challenge any sentence of 37 months or less.

---

[1] We write primarily for the parties, and so we recite only the facts necessary to decide the case.

At the plea hearing, the District Court reviewed the terms of the plea agreement with Vance, including the appellate-waiver provision:

> THE COURT: Now, in your plea agreement you give up the right to bring an appeal or other collateral challenge to your sentence under certain circumstances. In particular, if the sentence does not exceed 37 months you give up your right to bring any such challenge. Do you understand that?
>
> THE DEFENDANT: Yes.

App. 32. The District Court accepted Vance's waiver of his appellate rights and, after additional questioning, accepted Vance's guilty plea.

At sentencing, the District Court calculated the offense level to be 19 and Vance's criminal history category to be IV, resulting in a Guidelines range of 46 to 57 months of imprisonment. Vance's counsel asked the District Court to vary downward to "the terms of the plea agreement" by using a "sentencing range of 30 to 37 months." App. 44. The Government, however, rejected this characterization of the "negotiated . . . range" under the plea agreement. Id. The Government argued instead that "the terms of th[e] plea agreement" yielded a range of 37 to 46 months of imprisonment, which corresponded to the parties' agreed-upon offense level of 17 and the District Court's calculation of the criminal history category. App. 50. The Government requested "a sentence of 46 months [of] imprisonment." App. 53.

The District Court varied downward and sentenced Vance to a term of 37 months, which the District Court described as "the bottom of . . . the guideline range that the parties were recommending." App. 57. Vance timely appealed.

3

II.[2]

Vance argues that the Government breached the plea agreement by seeking a sentence above the parties' agreed-upon sentencing range, while the Government contends that Vance's appeal is barred by the appellate-waiver provision of the plea agreement. We agree that Vance's clear, knowing, and voluntary waiver of appellate rights under the plea agreement forecloses his appeal.

We review the legality of the plea agreement's appellate-waiver provision de novo. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). Such provisions foreclose an appeal when the issues raised on appeal fall within the scope of the waiver, the waiver was knowingly and voluntarily agreed to, and enforcing the waiver would not work a miscarriage of justice. United States v. Banks, 743 F.3d 56, 58 (3d Cir. 2014). These waivers are unenforceable, however, "if the government breaches its own obligations under [the] plea agreement." United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008). Because Vance does not contest the scope of the appellate waiver, argue that it was not knowing and voluntary, or claim that enforcement would work a miscarriage of justice, the only question we must address is whether the Government breached the terms of the plea agreement.

We apply plain error review to Vance's claim of breach because he did not preserve that issue in the District Court. A party preserves an issue for appeal by "informing the [district] court — when the court ruling or order is made or sought — of

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742(a).

4

the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Puckett v. United States, 556 U.S. 129, 135 (2009) (quoting Fed. R. Crim. P. 51(b)). But Vance "wait[ed] until his appeal to allege a violation of his plea agreement," so that legal issue was not preserved and is subject to plain error review by this Court. United States v. Dahmen, 675 F.3d 244, 247–48 (3d Cir. 2012).

We construe plea agreements against the Government and focus on "what the defendant reasonably understood" when entering his guilty plea, United States v. Miller, 833 F.3d 274, 284 (3d Cir. 2016), but there is no defensible way to construe Vance's plea agreement as inconsistent with the Government's conduct at sentencing. The plea agreement prohibited the Government from seeking an adjustment or departure from the sentencing range defined by the agreed-upon "Total Offense Level" of 17, and "the criminal history category . . . the sentencing judge applie[d]." App. 68. Those two inputs yielded a range of 37 to 46 months, and the Government sought a sentence within that range. Although Vance claims that he believed the agreement provided for a sentence of 30 to 37 months based on a lower anticipated criminal history category, that belief is neither reasonable nor a basis to ignore the unambiguous appellate-waiver provision in the plea agreement, see, e.g., App. 69 ("The [appellate-waiver] provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.").[3]

---

[3] Even if the parties "anticipated that [Vance] would have a Criminal History Category III," App. 50, that understanding is not reflected in the plea agreement, in which the parties

Vance also claims that the Government breached the agreement by emphasizing the seriousness of his offense and damaging facts about his criminal history at sentencing. But the plea agreement allowed the Government to "provide the sentencing judge . . . all law and information relevant to sentencing, favorable or otherwise." App. 64. So informing the sentencing judge about the details of Vance's current offense and past conduct — which were relevant to his appropriate sentence — did not breach the deal.

In sum, we hold that Vance cannot avoid the appellate-waiver provision of his plea agreement. We conclude that there was no breach by the Government and thus the District Court did not commit "plain error" at sentencing. Dahmen, 675 F.3d at 248. In the absence of any apparent breach, we hold that the appellate-waiver provision of Vance's plea agreement is enforceable. That provision states that Vance agreed to waive his right to challenge his sentence "[i]f the term of imprisonment d[id] not exceed 37 months." App. 68. Vance received a 37-month sentence, App. 58, and therefore his current challenge is barred.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

agreed to a sentencing range based on "the criminal history category that the sentencing judge applies," App. 68. The parties also agreed that they could "seek a variance from that Guidelines range" regardless, which further weakens Vance's claim of breach. Id.