**DLD-040**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4253
_____

IN RE:  GENNARO RAUSO,
                                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cr-00406)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 20, 2014
Before: FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 25, 2014)
_____

OPINION*
_____

PER CURIAM

        Gennaro Rauso, a federal prisoner proceeding <u>pro se</u>, has filed a petition for a writ

of mandamus asking us to vacate a District Court order dismissing his motion pursuant to

28 U.S.C. § 2255 or, in the alternative, to direct the District Court to conduct a hearing on

his pending motions.  For the reasons that follow, the petition will be dismissed in part

and denied in part.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2010, Rauso pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709-2, mail fraud in violation of 18 U.S.C. § 1341, access device fraud in violation of 18 U.S.C. § 1029, bank fraud in violation of 18 U.S.C. § 1344, and other crimes. He was sentenced to 160 months' imprisonment. Thereafter, the District Court conducted a restitution hearing and ordered Rauso to pay a total of $240,005.10 in restitution. We affirmed on direct appeal. We ruled that the appellate waiver in Rauso's plea agreement was enforceable and precluded the arguments he had raised. United States v. Rauso, 548 F. App'x 36, 39 (3d Cir. 2013) (non-precedential).

Rauso then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. Rauso filed an amended motion and, in an order entered July 30, 2014, the District Court granted the Government's motion to dismiss the amended motion. The District Court decided that, under his plea agreement, Rauso had waived his right to present a collateral challenge to his conviction and sentence and that he had not alleged a miscarriage of justice sufficient to overcome that waiver.

On August 18, 2014, Rauso filed a timely motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or vacate the order of dismissal because the order was issued before he had an opportunity to respond to the Government's motion to dismiss. Rauso also filed a motion for leave to supplement his amended § 2255 motion, a proposed supplement, and then a motion for leave to supplement the memorandum in support of his Rule 59 motion.

2

On September 2, 2014, Rauso filed a "notice" asserting that his Rule 59 motion was unopposed because the Government had not filed a timely response. The Government responded to the Rule 59 motion on September 15, 2014. On September 24, 2014, Rauso filed another "notice" asserting that his motion for leave to supplement his memorandum in support of his Rule 59 motion was unopposed. On October 2, 2014, Rauso filed a motion for an order to secure his presence at a hearing on his pending motions.

Rauso then filed the present mandamus petition asking this Court to vacate the July 30, 2014 order dismissing his amended § 2255 motion or, in the alternative, to direct the District Court to conduct a hearing on his pending motions. Rauso also asks that the writ of mandamus include various provisions in the event the District Court grants him leave to supplement his amended § 2255 motion or file a second amended § 2255 motion. For example, Rauso ask us to direct that the Government file a response and the District Court schedule a hearing within specified times.

The District Court docket reflects that since Rauso filed his mandamus petition, the District Court has adjudicated his pending motions. In an order entered November 19, 2014, the District Court granted Rauso's motion for leave to supplement the memorandum in support of his Rule 59 motion. The District Court denied Rauso's Rule 59 motion, motion for leave to supplement his amended § 2255 motion or to file a second amended motion, and motion for an order to produce him at a hearing.

3

In light of the District Court's ruling, Rauso's petition for a writ of mandamus is moot to the extent he asks that we direct the District Court to conduct a hearing on his pending motions and address future proceedings in the event the District Court were to grant him leave to supplement his amended § 2255 motion or file a second amended motion. To the extent Rauso asks us to vacate the District Court's July 30, 2014 order dismissing his amended § 2255 motion, Rauso has other adequate means to attain relief as he can challenge that order on appeal. Mandamus is not a substitute for an appeal. In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Accordingly, the petition for a writ of mandamus will be dismissed in part and denied in part.