DLD-185                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1356

_____

IN RE:  GENNARO RAUSO,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus and/or Writ of Prohibition from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cr-00406)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  May 6, 2015)

_____

OPINION[*]

_____

PER CURIAM

Gennaro Rauso, a federal prisoner proceeding pro se, petitions for a writ of

mandamus and/or prohibition compelling the Clerk of the United States District Court for

the Eastern District of Pennsylvania to file any papers he submits, prohibiting all District

and Magistrate Judges from enforcing an order enjoining him from future filings, and

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

disqualifying District Judge Michael Baylson from ruling on any motion he files in the future.  For the reasons that follow, we will deny the petition.

In 2010, Rauso pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709-2, mail fraud in violation of 18 U.S.C. § 1341, access device fraud in violation of 18 U.S.C. § 1029, bank fraud in violation of 18 U.S.C. § 1344, and other crimes.  He was sentenced to 160 months' imprisonment.  The District Court also ordered Rauso to pay a total of $240,005.10 in restitution.  We affirmed.  We ruled that the appellate waiver in Rauso's plea agreement was enforceable and precluded the arguments he raised on direct appeal.  United States v. Rauso, 548 F. App'x 36, 39 (3d Cir. 2013) (non-precedential).

Rauso then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. Rauso filed an amended motion and, in an order entered July 30, 2014, the District Court granted the Government's motion to dismiss the amended motion.  The District Court ruled that Rauso had waived his right to present a collateral challenge to his conviction and sentence under his plea agreement and that he had not alleged a miscarriage of justice sufficient to overcome that waiver.

Rauso filed a timely motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or vacate the order of dismissal because the order was issued before he had an opportunity to respond to the Government's motion to dismiss.  Rauso also filed, among other things, a motion for leave to supplement his amended § 2255 motion, a motion for leave to supplement the memorandum in support of his Rule 59(e) motion, and a motion for a hearing.  On November 19, 2014, the District Court granted Rauso

2

leave to supplement the memorandum in support of his Rule 59(e) motion and denied his Rule 59(e) and other motions. The District Court also ordered Rauso to terminate filing papers in the Court.

Rauso appealed the July 30, 2014 and November 19, 2014 orders. On March 3, 2015, we denied Rauso's motion for a certificate of appealability. We stated that jurists of reason would not debate the District Court's conclusion that Rauso's claims are barred by the waiver provision in his plea agreement, and that, in light of this conclusion, jurists of reason would agree that the District Court did not err in denying Rauso's other motions. We also stated that we interpreted the District Court's injunction as limited to the § 2255 proceedings, which would end upon the conclusion of Rauso's attempt to appeal. See C.A. No. 14-4729, 3/3/15 Order.

Before we denied the motion for a certificate of appealability, Rauso filed his present petition for a writ of mandamus and/or prohibition compelling the District Court Clerk to file any papers he submits to the Court, prohibiting all District and Magistrate Judges from enforcing the injunction, and disqualifying District Judge Baylson from ruling on any future motions.[1] Rauso asserts that he wishes to file in District Court a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the November 19, 2014 order, a motion to recuse Judge Baylson, and a motion for an extension of time to file another § 2255 motion, but he believes he could be held in contempt of court in

---

[1]Rauso previously filed without success a mandamus petition asking us to, among other things, vacate the District Court's July 30, 2014 order. See C.A. No. 14-4253.

3

light of the injunction. Rauso states that he seeks a writ so that he can timely file his motions without being held in contempt.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141. See also In re School Asbestos Litig., 921 F.2d 1310, 1313-14 (3d Cir. 1990) (applying the same standard to a petition for writ of prohibition).

Rauso has not made this showing. Rauso has other adequate means to attain his desired relief and he has used those means by appealing the order enjoining him from future filings. Rauso states in his petition that he is not asking the Court to vacate the injunction, but to allow him to file motions in his § 2255 proceeding pending a ruling in his appeal. We have issued our ruling in Rauso's appeal and have interpreted the injunction as ending upon the conclusion of Rauso's attempt to appeal. To the extent this attempt has not concluded because Rauso intends to file a petition for rehearing,[2] Rauso is using this mandamus proceeding to achieve the same result he sought in his appeal. To the extent Rauso seeks a writ disqualifying Judge Baylson from any future motions,

---

[2]The Court's docket reflects that Rauso has been afforded an extension of time to file a petition for rehearing.

4

Rauso can seek his recusal in District Court if he has a motion pending before him.

Accordingly, the petition for a writ of mandamus and/or prohibition will be denied.[3]

---

[3]Rauso's motion to enlarge the page limitation applicable to his petition is granted.