CLD-130                                                          NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 17-1086

———————

IN RE:  GENNARO RAUSO,
                                                          Petitioner

———————————————————

On a Petition for Writ of Mandamus and/or Writ of Prohibition from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-10-cr-00406-001)

———————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 9, 2017

Before: SHWARTZ, GREENBERG and FISHER, Circuit Judges

(Opinion filed:  February 15, 2017)

———————

OPINION*

———————

PER CURIAM

    Gennaro Rauso, a federal prisoner proceeding pro se, petitions for a writ of

mandamus and/or prohibition vacating several orders of the United States District Court

for the Eastern District of Pennsylvania and compelling the Clerk of that Court to file

certain motions.  For the reasons that follow, we will deny the petition.

———————————————

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2010, Rauso pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709-2, mail fraud in violation of 18 U.S.C. § 1341, access device fraud in violation of 18 U.S.C. § 1029, bank fraud in violation of 18 U.S.C. § 1344, and other crimes. He was sentenced to 160 months' imprisonment. We affirmed on direct appeal. We ruled that the appellate waiver in Rauso's plea agreement was enforceable and precluded the arguments he had raised. United States v. Rauso, 548 F. App'x 36, 39 (3d Cir. 2013) (non-precedential).

Rauso filed a motion in District Court pursuant to 28 U.S.C. § 2255 to vacate his sentence. Rauso filed an amended motion and, in an order entered July 30, 2014, the District Court granted the Government's motion to dismiss the amended motion. The District Court decided that Rauso had waived his right to present a collateral challenge to his conviction and sentence under his plea agreement. Rauso then filed various motions, including a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or vacate the order of dismissal, and a motion for leave to supplement his amended § 2255 motion. In an order entered November 19, 2014, the District Court denied Rauso's Rule 59(e) motion and motion to supplement his amended § 2255 motion. The District Court also ordered Rauso to terminate filing papers in the Court.

Rauso appealed the July 30, 2014 and November 19, 2014 orders. On March 3, 2015, we denied Rauso's motion for a certificate of appealability. We ruled that jurists of reason would not debate the District Court's conclusion that Rauso's claims are barred by

the waiver in his plea agreement, and that, in light of this conclusion, jurists of reason would agree that the District Court did not err in denying Rauso's motion to amend his § 2255 motion and his Rule 59(e) motion. We also stated that we interpreted the District Court's filing injunction as limited to the § 2255 proceedings, which would end upon the conclusion of Rauso's attempt to appeal. See C.A. No. 14-4729, 3/3/15 Order.

On September 14, 2016, the District Court issued an order denying requests by Rauso to file certain papers. The District Court stated that it had ordered Rauso to terminate filing papers and that it would return his documents to him. Although the order does not specify the documents that the Court would return, it appears that on September 5, 2016, Rauso submitted for filing a motion seeking, among other things, to compel the Clerk to enter on the docket motions he had submitted for filing on June 19, 2015 and May 4, 2016, and a motion to produce him for a hearing. Rauso now seeks a writ of mandamus vacating the District Court's July 30, 2014, November 19, 2014, and September 14, 2016 orders and compelling the District Court Clerk to file his motions.[1]

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means

---

[1] Rauso has filed other mandamus petitions seeking similar relief without success. See C.A. Nos. 14-4253 and 15-1356.

3

to attain the desired relief and that the right to a writ is clear and indisputable.  Id. at 141.

See also In re School Asbestos Litig., 921 F.2d 1310, 1313-14 (3d Cir. 1990) (applying

the same standard to a petition for writ of prohibition).  It is within our discretion to

refrain from issuing the writ even where these requirements are satisfied.  In re Chambers

Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998).

To the extent Rauso seeks a writ vacating the District Court's July 30, 2014 and

November 19, 2014 orders, Rauso had an adequate means to attain this relief in his

appeal of these orders.  Rauso contends that the District Court's orders are void on

various grounds, all of which could have been or were raised in his prior request for a

certificate of appealability.

Rauso also has not shown that he did not have an adequate means to challenge the

District Court's September 14, 2016 order by filing an appeal.  Rauso seeks a writ

vacating this order and compelling the District Court to file the motions he submitted on

June 19, 2015, May 4, 2016, and September 5, 2016, but to the extent an appeal was

available, mandamus may not be used as a substitute for appeal.  See In re Chambers

Dev., 148 F.3d at 226.  It is unnecessary to address the applicability of the filing

injunction to the documents Rauso sought to file or might seek to file because, even if

inapplicable, we would decline to grant the extraordinary remedy of a writ of mandamus

in our discretion.  The documents that Rauso has sought to file have been attempts to re-

litigate his amended § 2255 motion.

Accordingly, the petition for a writ of mandamus and/or prohibition will be

4

denied.[2]

---

[2]Rauso's motion to waive the page limitation applicable to his petition is granted