BLD-327                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2589
_____

IN RE:  GENNARO RAUSO,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-10-cr-00406-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 3, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: September 28, 2017)
_____

OPINION*
_____

PER CURIAM

Gennaro Rauso, a federal prisoner proceeding pro se, petitions for a writ of

mandamus compelling the United States District Court for the Eastern District of

Pennsylvania to consider his objections and response to the Government's motion to

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss his amended motion to vacate sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, we will deny the petition.

In 2010, Rauso pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709-2, mail fraud in violation of 18 U.S.C. § 1341, access device fraud in violation of 18 U.S.C. § 1029, bank fraud in violation of 18 U.S.C. § 1344, and other crimes. He was sentenced to 160 months' imprisonment. We affirmed on direct appeal. We ruled that the appellate waiver in Rauso's plea agreement was enforceable and precluded the arguments he had raised. United States v. Rauso, 548 F. App'x 36, 39 (3d Cir. 2013) (non-precedential).

Rauso filed a motion in District Court pursuant to 28 U.S.C. § 2255 to vacate his sentence. Rauso filed an amended motion and, in an order entered July 30, 2014, the District Court granted the Government's motion to dismiss the amended motion. The District Court decided that Rauso had waived his right to present a collateral challenge to his conviction and sentence under his plea agreement. On November 19, 2014, the District Court denied Rauso's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or vacate the order of dismissal, and motion for leave to supplement his amended § 2255 motion.

Rauso appealed the July 30, 2014 and November 19, 2014 orders. On March 3, 2015, we denied Rauso's motion for a certificate of appealability. We ruled that jurists of reason would not debate the District Court's conclusion that Rauso's claims are barred by

2

the waiver in his plea agreement, and that, in light of this conclusion, jurists of reason would agree that the District Court did not err in denying Rauso's motion to amend and his Rule 59(e) motion. See C.A. No. 14-4729, 3/3/15 Order.

Rauso now seeks a writ of mandamus compelling the District Court to consider his objections and response to the Government's motion to dismiss his amended § 2255 motion. Rauso states that the District Court dismissed his amended § 2255 motion before the time expired for filing, and before he submitted, his objections and response.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Rauso has not met this standard. To the extent Rauso complains that the District Court granted the Government's motion to dismiss his amended § 2255 motion without considering his objections and response to the motion, Rauso had an adequate means to attain relief via his appeal of the dismissal of his motion. Rauso has not shown that he has a right to a writ as he essentially seeks to re-litigate his § 2255 proceedings.

Accordingly, the petition for a writ of mandamus will be denied.

3